**ALLSTATE INSURANCE COMPANY,**
**Plaintiff—Appellee,**

v.

**Jack BRESHEARS; et al.,**
**Defendants—Appellants.**

No. 04–17043, 04–17142.

United States Court of Appeals,
Ninth Circuit.

---

Submitted Nov. 18, 2005.*

Decided Nov. 23, 2005.

Michael A. Barnes, Esq., Sonia R. Martin, Esq., Ashley H. Osborne, Esq., Sonnenschein Nath & Rosenthal, LLP, San Francisco, CA, for Plaintiff—Appellee.

Bryce C. Anderson, Brentwood, CA, Trace D. Alexander, Esq., Schwartz & Alexander, Concord, CA, for Defendants–Appellants.

Before: NOONAN, RYMER, and GOULD, Circuit Judges.

MEMORANDUM **

Jack and Dorothea Breshears appeal the district court's judgment granting Allstate reimbursement for the settlement paid on their behalf. Allstate cross-appeals the district court's denial of reimbursement for costs incurred in defending the Breshearses against the personal injury action. We affirm in part and reverse in part.

■ It follows from our disposition in the coverage case (No. 04–15428) that the personal injury claims against the Breshearses were not covered by their Allstate policies. Allstate is entitled to reimbursement for the settlement payment because it made that payment under a reservation of rights. *See Blue Ridge Ins. Co. v. Jacobsen,* 25 Cal.4th 489, 106 Cal.Rptr.2d

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

535, 22 P.3d 313 (2001). We therefore affirm on this issue.

 The district court determined, as a matter of law, that the personal injury action against the Breshearses did not create a potential for indemnity under their Allstate insurance policies. That judgment operated retroactively to relieve Allstate of its duty to defend, and entitled Allstate to reimbursement for the costs it previously incurred in defending the Breshearses. *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal.4th 643, 31 Cal. Rptr.3d 147, 115 P.3d 460 (2005). We therefore reverse on this issue and remand for a determination of Allstate's defense costs.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.